[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 29, 2010
JOHN LEY
CLERK

No. 09-15478
Non-Argument Calendar

_____

D.C. Docket No. 07-01691-CV-2-CLS

KIMBERLY L. SMITH,

Plaintiff-Appellant,

versus

BOOKS-A-MILLION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 29, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Kimberly Smith appeals the summary judgment in favor of her former

employer, Books-A-Million, and against Smith's complaints of discrimination in

violation of her race and gender and of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), -3(a), and violations of state law. We affirm.

Smith argues that the district court failed to construe facts in the light most favorable to her because it adopted the facts and legal analysis submitted by Books-A-Million, but we disagree. The record establishes that the district court conducted a careful and independent review of the facts and law. That the district court adopted verbatim some undisputed facts stated by Books-A-Million does not render those findings clearly erroneous. See James v. Stockham Valves & Fittings Co., 559 F.2d 310, 314 n.1 (11th Cir. 1977). Smith notably does not argue that any of the findings by the district court are incorrect, and Smith does not argue that the district court erred in its application of the law.

Smith also argues that the district court should have considered evidence about the denial of a bonus in resolving Smith's claims of sex-based discrimination and retaliation, but this argument fails for several reasons. Smith complained that she was denied the bonus because of race-based discrimination, but Smith did not allege that she was denied the bonus because of her sex. Smith testified that her claim of gender-based discrimination was based solely on the fact she was paid less than male employees. Smith likewise did not mention the bonus

2

in her complaint about retaliation. Although Smith later asserted that Books-A-Million withheld the bonus in retaliation for Smith's accusations that she was harassed and discriminated against because of her race, Smith never amended her complaint to include that theory. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974–75 (11th Cir. 2008) (affirming the refusal of the district court to consider eighteen claims not alleged in the complaint but argued only in opposition to the motion for summary judgment). In any event, Smith did not establish a prima facie case of retaliation because Smith failed to establish that she engaged in statutorily protected expression when, on one occasion, she asked a supervisor if she was being discriminated against based on her race. See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002) ("To establish that a plaintiff engaged in statutorily protected expression, . . . a plaintiff must show that she had a good faith, reasonable belief that the employer was engaged in unlawful employment practices."). The record also establishes that Smith resigned her employment to take a higher paying job with another employer and Smith's resignation occurred too early for her to become eligible for a bonus.

We **AFFIRM** the summary judgment in favor of Books-A-Million.